**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SKYY F. WILLIAMS
1409 Barnes Drive East
Columbus, OH 43229,

    and

JAYLON A. REED
1409 Barnes Drive East
Columbus, OH 43229,

    Plaintiffs,

    v.                                    Case No:

FARBERWARE LICENSING COMPANY, LLC
d/b/a Farberware Cookware
c/o Resident Agent
Paul G. Roberts
300 First Avenue, Suite 300
Needham, MA 02494,

    and

WALMART, Inc.
f/k/a Wal-Mart Stores, Inc.
c/o Registered Agent
CT Corporation System
124 West Capitol Avenue
Suite 1900
Little Rock, AR 72201,

    Defendants.

## **COMPLAINT**

    1.    Plaintiffs, Skyy Williams and Jaylon A. Reed, by and through their undersigned counsel, THE DONAHEY LAW FIRM, LLC, hereby submit the following Complaint and

Demand for Jury Trial against Defendants Farberware Licensing Company, LLC and Walmart, Inc., and allege the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE ACTION

2. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiffs, after Plaintiffs were seriously injured by a Farberware 7-in-1 programmable pressure cooker (hereafter generally referred to as "pressure cooker(s)").

3. Defendant Walmart, Inc., f/k/a Wal-Mart Stores, Inc. (hereafter referred to as "Walmart") designs, manufactures, markets, imports, distributes, and sells a wide range of consumer products, including the subject 7-in-1 programmable pressure cooker at issue in this case. This photo evinces the label that was affixed to the product in question:



4. Defendant Farberware Cookware (hereafter referred to as "Farberware") designs, manufactures, markets, imports, distributes, and sells a wide range of consumer products, including the subject 7-in-1 programmable pressure cooker at issue in this case. This photo evinces the front of the product in question:



5. On or about January 16, 2022, Plaintiffs suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiffs.

6. As a direct and proximate result of Defendants' conduct, the Plaintiffs in this case incurred significant and painful bodily injuries, permanent scarring and/or disfiguration, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

7. Defendants knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiffs and consumers like them.

## PLAINTIFF SKYY WILLIAMS

8. Plaintiff Skyy Williams is a natural person residing at 1409 Barnes Drive East, Columbus, Ohio 43229.

9. On or about January 16, 2022, Plaintiff Skyy Williams was preparing cabbage for her family using Defendants' Product. Having read and understood the instructions and having relied on Defendants' representations that the product was safe, functional, and ready for use, she selected the temperature of 350 degrees, set the timer for 1 ½ hours and hit start.

10. After the cooking cycle had completed, and the timer went off, Plaintiff Williams pressed the release button, but no steam was released. Plaintiff left the pressure cooker to sit for approximately 45 minutes. When Plaintiff Williams returned to the dining room to check the pressure cooker, Plaintiff Williams again pressed the release button and the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiffs, causing severe and debilitating burns to their bodies.

11. As a direct and proximate result of the pressure cooker explosion, Plaintiff Williams suffered permanent and debilitating injuries including but not limited to 2nd and 3rd degree burns of her body including her arms, chest, breasts, stomach, neck, and shoulders.

## PLAINTIFF JAYLON REED

12. Plaintiff Jaylon Reed is a natural person residing at 1409 Barnes Drive East, Columbus, Ohio 43229.

13. On or about January 16, 2022, Plaintiff Jaylon Reed was in the dining room when Plaintiff Skyy Williams was preparing cabbage for her family using Defendants' Product.

14. As a direct and proximate result of the pressure cooker explosion, Plaintiff Reed suffered 1st and 2nd degree burns on his left arm.

## DEFENDANT WALMART

15. Defendant Walmart designs, manufactures, markets, imports, distributes, and sells a variety of consumer products, including the subject "Farberware 7-in-1" pressure cookers.

16. Defendant Walmart is incorporated in the State of Delaware. Defendant Walmart has a principal place of business located at 702 SW 8th St., Bentonville, AR 72716, and does business in all 50 states. Defendant Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. Section 1332.

17. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

## DEFENDANT FARBERWARE

5

18. Defendant Farberware designs, manufactures, markets, imports, distributes, and sells a variety of consumer products, including the subject "Farberware 7-in-1" pressure cookers.

19. Defendant, Farberware Licensing Company, LLC ("Defendant Farberware"), d/b/a Farberware Cookware, is a for-profit corporation, organized and existing under the laws of the State of Massachusetts.

20. At all times relevant, Defendant Farberware substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. Section 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

22. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

23. Venue is also proper in this Court pursuant to 28 U.S.C. Section 1391 because Defendants have sufficient minimum contacts with the State of Ohio and intentionally avail themselves of the markets within Ohio through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND - WALMART

24. Defendant Walmart is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in the litigation.

25. Defendant Walmart warrants, markets, advertises, and sells their pressure cookers as a means "to take the guesswork out of some of the most common cooking tasks."[1]

26. Defendant Walmart boasts that its pressure cookers have "a large locking lid to prevents [sic] the cooker from opening while pressurized,"[2] which purports to keep the user safe while cooking.

27. For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "IMPORTANT SAFEGUARDS" that prevent the lid from unlocking until "the float valve … drops down" by itself.[3]

28. By reason of the foregoing acts or omissions, the above-named Plaintiffs and/or their family members purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

29. On or about January 16, 2022, Plaintiff Williams was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by Defendant Walmart for its intended and reasonably foreseeable purpose of cooking.

30. After the cooking cycle had completed, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff Skyy Williams and Plaintiff Jaylon Reed, causing severe, painful, and disfiguring burns.

---

[1] https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314 (last accessed April 27, 2023).

[2] *Id.*

[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. *See*, e.g. pgs. 3, 11.

31, Plaintiffs used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by Defendant Walmart.

32. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Walmart in that it failed to properly function as to prevent the lid from opening or being removed while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiffs, their family, and similar consumers in danger while using the pressure cookers.

33. Defendant Walmart's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

34. Further, Defendant Walmart's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiffs directly in harm's way.

35. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from opening or being removed while pressurized.

36. As a direct and proximate result of Defendant Walmart's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiffs used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

37. Consequently, the Plaintiffs in this case seek compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiffs to suffer

from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FACTUAL BACKGROUND – FARBERWARE

38. Defendant Farberware is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in the litigation.

39. Defendant Farberware warrants, markets, advertises, and sells their pressure cookers as a means "to take the guesswork out of some of the most common cooking tasks."[4]

40. Defendant Farberware boasts that its pressure cookers have "a large locking lid to prevents [sic] the cooker from opening while pressurized,"[5] which purports to keep the user safe while cooking.

41. For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "IMPORTANT SAFEGUARDS" that prevent the lid from unlocking until "the float valve drops down" by itself.[6]

42. By reason of the foregoing acts or omissions, the above-named Plaintiffs and/or their family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

---

[4] https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314 (last accessed April 27, 2023).

[5] *Id.*

[6] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. *See*, e.g. pgs. 3, 11.

9

43. On or about January 16, 2022, Plaintiff Williams was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by Defendant Farberware for its intended and reasonably foreseeable purpose of cooking.

44. After the cooking cycle had completed, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff Skyy Williams and Plaintiff Jaylon Reed, causing severe, painful, and disfiguring burns.

45. Plaintiffs used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by Defendant Farberware.

46. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Farberware in that it failed to properly function as to prevent the lid from opening or being removed while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiffs, their family, and similar consumers in danger while using the pressure cookers.

47. Defendant Farberware's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

48. Further, Defendant Farbeware's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiffs directly in harm's way.

49. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from opening or being removed while pressurized.

50. As a direct and proximate result of Defendant Farberware's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiffs used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

51. Consequently, the Plaintiffs in this case seek compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiffs to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## **CLAIMS FOR RELIEF**

## **COUNT I**

## **VIOLATIONS OF OHIO'S PRODUCT LIABILITY ACT – O.R.C. §2307.71 through O.R.C. §2307.79**

52. Paragraphs one through fifty-one are hereby realleged and incorporated by reference as though fully set-forth herein.

53. At the time of Plaintiffs' injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiffs.

54. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of Defendants.

55. Plaintiffs did not misuse or materially alter their respective pressure cookers.

56. The pressure cooker did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

57. Further a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

11

a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendants failed to adequately test the pressure cookers; and

f. Defendants failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented Plaintiffs' injuries and damages.

58. Defendants' actions and omissions were the direct and proximate cause of the Plaintiffs' injuries and damages.

59. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made the conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants outrageous conduct warrants an award of punitive damages according to proof, and the extent applicable by law.

60. Defendants have a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiffs and their families.

61. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiffs and consumers alike.

62. Defendants were negligent in the design, manufacture, advertising, warning, marketing, and sale of its pressure cookers in that, among other things, they:

> a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;
>
> b. Placed an unsafe product into the stream of commerce;
>
> c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets;
>
> d. Allowed its product to leave their control which did not confirm to the representations they made about their product; and,
>
> e. Were otherwise careless or negligent.

63. Despite the fact that Defendants knew or should have known that the lid could open while the pressure cookers were still pressurized, Defendants continued to market (and continues to do so) its pressure cookers to the general public. The Defendants marketed the pressure cooker in question under their own label and/or trade names.

64. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its pressure cookers, including the

13

Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages according to proof, and the extent applicable by law.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II

## PUNITIVE DAMAGES – O.R.C. §2307.80

65. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

66. Defendants are the manufacturers, sellers, distributors, marketers, and suppliers of the subject pressure cookers, which were negligently designed.

67. Defendants failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting their pressure cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiffs.

68. As a result, the subject pressure cookers, including Plaintiffs' pressure cooker, contain defects in their design which renders them unreasonably dangerous to consumers, such as the Plaintiffs, when used as intended or as reasonably foreseeable to Defendants. The defect in the design allows the pressure cooker's lid to open or to be removed while the unit remains pressurized, and causes an unreasonable increased risk of injury, including, but not limited to, first-, second- and third-degree scald burns.

69. Plaintiff Williams in this case used her pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendants.

70. The subject pressure cooker was not materially altered or modified after being manufactured by Defendants and before being used by Plaintiffs.

71. The design effects allowing the lid to open while the unit was still pressurized directly rendered the pressure cookers defective and were the direct and proximate result of Defendants' negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the pressure cookers.

72. As a direct and proximate result of Defendants' negligent design of its pressure cookers, the Plaintiffs in this case suffered injuries and damages described herein.

73. Despite the fact that Defendants knew or should have known that the lid could open or be removed while the pressure cookers were still pressurized, Defendants continued to market their pressure cookers to the general public (and continues to do so).

74. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

WHEREFORE, Plaintiffs demand judgment against Defendants for punitive damages, attorney's fees, pre and post judgment interests, costs of suit, and all such other relief as the Court deems proper.

Respectfully Submitted,

                                                */s/ Danny M. Newman Jr.* _____
                                                Danny M. Newman Jr.     (0074740)
                                                The Donahey Law Firm, LLC
                                                580 S. High Street, Ste. #200
                                                Columbus, Ohio 43215
                                                Phone: (614) 224-8166
                                                Fax: (614) 849-0475
                                                danny@donaheylaw.com
                                                *Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiffs respectfully demand a trial by jury.

                                                */s/ Danny M. Newman Jr.* _____
                                                Danny M. Newman Jr.     (0074740)